# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
**FAYETTE** County

*For Prothonotary Use Only:*

Docket No: 2566 of 2019 (G)

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** TERRI L. BARBOUR

**Lead Defendant's Name:** WAL-MART, INC.

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

**Name of Plaintiff/Appellant's Attorney:** Cynthia M. Porta-Clark, Esquire

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [x] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

TERRI L. BARBOUR,                      CIVIL DIVISION

        Plaintiff,          Docket No. :

vs.

WAL-MART, INC.,
                            **COMPLAINT IN CIVIL ACTION**

        Defendant.

                              Filed on behalf of Plaintiff(s):
                              Terri L. Barbour

                              Counsel of Record for this Party:
                              Cynthia M. Porta-Clark, Esquire
                              Pa I.D. # 82111

                              Porta-Clark + Ward, LLC
                              100 Fleet Street, Suite 101
                              Pittsburgh, PA  15220
                              Tele # (412)921-7350
                              Fax # (412)921-7351

                              **JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

TERRI L. BARBOUR,   CIVIL DIVISION

              Plaintiff,   Docket No. :

vs.

WAL-MART, INC.,

              Defendant.

## **NOTICE TO DEFEND**

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Pennsylvania Lawyer Referral
Service Pennsylvania Bar
Association
100 South Street
P.O. Box 186
Harrisburg, PA 17108
(800) 692-7375**

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

TERRI L. BARBOUR,                        CIVIL DIVISION

           Plaintiff,                  Docket No. :

vs.

WAL-MART, INC.,

           Defendant.

**COMPLAINT IN CIVIL ACTION**

AND NOW comes Plaintiff, Terri L. Barbour, by and through her attorneys, Cynthia M. Porta-Clark, Esquire, and Porta-Clark + Ward, LLC, and complains and alleges as follows:

1. Plaintiff Terri L. Barbour is an adult individual residing at 821 Meldon Avenue, Donora, Washington County, Pennsylvania 15033.

2. Defendant Wal-Mart, Inc. is a corporation with headquarters located at 702 Southwest 8th Street, Bentonville, AR 72716.

3. At all times relevant and material hereto, defendant operated retail store number 2420, located at 100 Sara Way, Belle Vernon, Fayette County, Pennsylvania 15012 (hereinafter "the premises").

4. At all times relevant to this matter, defendant owned, possessed, maintained and/or controlled the above-described premises and had a duty, or an implied duty, to maintain, inspect and/or repair the premises.

5. At all times relevant and material hereto, defendant acted by and through its employees, servants, representatives and agents who acted by and through their actual and apparent authority.

1

6. On or about November 30, 2017, plaintiff was an invitee, lawfully on the aforementioned premises of the defendant.

7. At all times relevant and material hereto, there existed a dangerous, defective, hazardous and unsafe condition on the premises of the defendant, characterized by liquid located on the floor in front of the registers in the front of the store.

8. As plaintiff was approaching the registers to check out, she was caused to trip, slip and/or otherwise lose her balance as a result of coming into contact with the aforementioned defective condition, causing severe and serious injuries and damages.

9. As a direct and proximate result of the aforementioned accident, plaintiff sustained the following injuries, some or all of which are or may be permanent:

    a. Injuries to and about the left knee;

    b. Injuries to and about the bilateral hips;

    c. Injuries to and about the lumbar spine;

    d. Injuries to and about the left ankle;

    e. Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body;

    f. Nervousness, emotional tension, anxiety and depression; and

    g. Other injuries to be proven at trial.

10. As a direct and proximate result of the aforementioned accident, plaintiff sustained the following damages, some or all of which are or may be permanent or on-going:

    a. She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma.

    b. She has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and

    therapeutic treatment, medicines and other attendant services.

  c. Her general health, strength and vitality have been impaired.

  d. She may, in the future, have to face at least one, and possibly numerous, surgeries.

  e. She has sustained and will continue to sustain lost earnings and her earning capacity has been and may be permanently impaired;

  f. She has been disfigured; and

  g. She has been and will in the future be unable to enjoy various pleasures of life that she previously enjoyed.

11. At all times relevant and material herein, defendant knew or should have known of the dangerous, hazardous, unsafe and defective condition that existed on the premises. Defendant failed to take any steps to eliminate the hazard, reduce its danger to invitees, or otherwise warn users, including the plaintiff, of its dangerous, hazardous, unsafe and defective condition.

12. Plaintiff's injuries and damages were a direct and proximate result of defendant's negligence in the following particulars:

  a. In causing and permitting the dangerous, hazardous, unsafe and defective condition to exist on the premises for an unreasonable period of time;

  b. In providing a premises that was unsafe for use;

  c. In designing, constructing, and maintaining the premises in such a manner that invitees were at risk of injury;

  d. In failing to warn users, including the plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the premises;

  e. In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises;

  f. In failing to cordon off the dangerous condition or otherwise prevent

    invitees of the premises from transversing through the dangerous, hazardous, unsafe and defective condition;

g. In negligently designing, constructing, maintaining and operating the premises such that Plaintiff was caused to fall;

h. In failing to timely, properly, or regularly inspect the premises for defects; and

i. In failing to remove, repair or cordon off the unsafe condition on the premises.

WHEREFORE, Plaintiff demands for judgment against Defendant in an amount in excess of the jurisdictional limits for compulsory arbitration, together with court costs, interest and such other and further relief as the Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

          Porta-Clark + Ward, LLC

          */s/ Cynthia M. Porta-Clark*
          Cynthia M. Porta-Clark, Esquire
          Pa I.D. # 82111
          Attorney for Plaintiff

          100 Fleet Street, Suite 101
          Pittsburgh, PA  15220
          (412)921-7350

## VERIFICATION

I, Cynthia M. Porta-Clark, Esquire, counsel for the plaintiff verify the statements submitted in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief based upon the information received from plaintiff, and the documents/records related to the matters raised in this action. This verification is filed in an effort to expedite litigation. A verification from the plaintiff can and will be supplied upon the request of any party to this action. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

_____
Cynthia M. Porta-Clark, Esquire
Pa I.D. # 82111
Attorney for Plaintiff

Porta-Clark + Ward, LLC
100 Fleet Street, Suite 101
Pittsburgh, PA 15220
(412) 921-7350

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

_____
Cynthia M. Porta-Clark, Esquire

_____11-14-19_____
Dated